COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        In the Interest of T.S. and E.S.S., Children

Appellate case number:      01-22-00054-CV

Trial court case number:    2020-02393J

Trial court:                313th District Court of Harris County

Appellant, mother, has filed a notice of appeal of the trial court's order terminating her parental rights to her children, T.S. and E.S.S. (collectively, the "children"). Appellant's court-appointed counsel on appeal has filed a motion to withdraw from representing appellant and an *Anders* brief in which she concludes that "on [her] professional evaluation of the record, . . . there are no arguable grounds for appeal and that [appellant's] appeal is wholly frivolous." *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re A.M.*, 495 S.W.3d 573, 582 (Tex. App.—Houston [1st Dist.] 2016, pet. denied).

When we receive an *Anders* brief from an appellant's appointed attorney who asserts that no arguable grounds for appeal exist, we must determine that issue independently by conducting our own review of the entire record. *In re C.S.*, No. 01-16-00152-CV, 2016 WL 4408980, at *1 (Tex. App.—Houston [1st Dist.] Aug. 16, 2016, pet. denied) (mem. op.). If we determine that arguable grounds for appeal exist, we abate the appeal and remand the case to the trial court to allow the appointed attorney to withdraw and appoint another attorney to present all arguable grounds for appeal. *In re C.S.*, 2016 WL 4408980, at *1 (citing *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005)); *see also In re Schulman*, 252 S.W.3d 403, 407 n.12 (Tex. Crim. App. 2008) (stating arguable ground for appeal is one that could "conceivably persuade the court").

Here, we have reviewed the appellate record and appointed counsel's *Anders* brief, and conclude that the appeal warrants further development by counsel, including, but not necessarily limited to, whether the evidence is legally and factually sufficient to support the trial court's findings that appellant engaged, or knowingly placed the children with persons who engaged, in conduct that endangered the children's physical and emotional well-being; she constructively abandoned the children, who had been placed in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than six months; she failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of the children; and termination of her parental rights was in

the best interest of the children. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(E), (b)(1)(N), (b)(1)(O), (b)(2). Accordingly, we abate the appeal and remand the case to the trial court with instructions to appoint new counsel to represent appellant on appeal and have a supplemental clerk's record containing that appointment filed in this appeal with the Clerk of this Court **no later than 10 days from the date of this order**.

**Counsel's appellant's brief will be due 20 days from the date that counsel is appointed.** *See* TEX. R. APP. P. 28.4 ("Accelerated Appeals in Parental Termination and Child Protection Cases"), 38.6(a). Because this is a termination case, this Court is required to bring this appeal to final disposition within 180 days of January 25, 2022, the date the notice of appeal was filed in this proceeding, so far as reasonably possible. *See* TEX. R. JUD. ADMIN. 6.2, reprinted in TEX. GOV'T. CODE ANN., tit. 2, subtit. F app. **Accordingly, no extensions of time will be granted absent extraordinary circumstances.** *See* TEX. R. APP. P. 38.6(d). Counsel who agrees to handle this appeal should do so only if he or she can satisfy the briefing deadlines.

The appeal is abated, treated as a closed case, and removed from this Court's active docket.

It is so ORDERED.

Judge's signature: _____/s/ Julie Countiss_____
                       ☑ Acting individually    ☐ Acting for the Court

Date: ___April 15, 2022_____